UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK D. BESWETHERICK,

    Petitioner,

    v.

J. HAVILAND, warden,

    Respondent.

No. C 09-5425 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Mark D. Beswetherick, an inmate at the Correctional Training Facility in Soledad, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

The petition provides the following information: Beswetherick was convicted in Santa Clara County Superior Court of attempted murder, assault with a firearm, and exhibiting a deadly weapon with intent to resist or prevent arrest or detention by a peace officer. On September 23, 2005, he was sentenced to 21 years in state prison. Beswetherick appealed. His conviction was affirmed by the California Court of Appeal, the California Supreme Court remanded the case for a sentencing issue, and on remand, the judgment of conviction was affirmed again. He also filed one or more unsuccessful habeas petitions in state court. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) the trial court's fact-finding that led to an aggravated sentence violated Beswetherick's rights under the Sixth and Fourteenth Amendments of the U.S. Constitution; (2) Beswetherick's no-contest plea was not knowing and voluntary; (3) he was denied his Sixth Amendment right to the effective assistance of counsel who allegedly did not adequately investigate and gave "fallacious advice" on a diminished capacity defense, Petition, p. 6c, and did not give Beswetherick the information about the intent to kill requirement for his crime that was necessary to make an informed decision before entering his plea; (4) the "cumulative effect of the multifarious factors permeated the proceedings with unfairness, affecting petitioner's 'substantive' rights to the United States Constitution," id. at 6d (which appears to be a cumulative error claim); and (5) he was denied his Fourteenth Amendment right to effective assistance of appellate counsel. Liberally construed, the claims appear to be cognizable in a federal habeas action.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all

attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **April 30, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 4, 2010**.

5. Petitioner is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

DATED: February 12, 2010

SUSAN ILLSTON
United States District Judge

3